UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUZ ACEVEDO,

                Plaintiff,

v.                                       **DECISION AND ORDER**
                                           11-CV-183S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

        1.      Plaintiff challenges an Administrative Law Judge's ("ALJ") decision, dated January 16, 2009, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614 (a)(3)(A) of the Social Security Act. Plaintiff alleges that she became disabled on December 13, 2005.[1] She contends that the ALJ's determination is not based upon substantial evidence, and reversal is warranted.

        2.      On October 16, 2008, the ALJ held a hearing at which Plaintiff and a vocational expert  testified.  After consideration of the evidence, including hearing testimony and Plaintiff's medical records, the ALJ denied Plaintiff's application for disability benefits and supplemental security income.  On January 7, 2011, the Appeals Council denied Plaintiff's request for review.  Plaintiff filed the current civil action challenging Defendant's final decision in this Court on March 4, 2011.

---

[1] Plaintiff initially alleged an onset date of April 4, 2005, but amended that date at the hearing to December 13, 2005. (R. 411).

1

3.	Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on August 17, 2011, and Plaintiff responded with a Cross-Motion for the same relief on September 19, 2011.  This Court finds the matter fully briefed and oral argument unnecessary.  Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4.	A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano*,* 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), cert denied 459 U.S. 1212 (1983).

5.	"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen,

859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the

[Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the onset date of his alleged disability (R.[2] 18); (2) Plaintiff's severe impairments include social anxiety, post traumatic stress disorder, adjustment disorder, and depressive disorder (R. 18); none of these impairments, or any combination thereof, meets or medically equals a disabling impairment under the regulations (R. 18); Plaintiff is able to perform her past relevant work as a hand packer, specifically she has the residual functional capacity to perform medium work with certain additions[3] (R. 19-20).

---

[2] Citations to the administrative record are designated as "R."

[3] The ALJ found that Plaintiff could "(a) sit for up to eight hours in an eight hour day, (b) stand and/or walk for up to eight hours in an eight hour day, (c) occasionally lift and/or carry up to fifty pounds, (d) frequently lift and/or carry up to twenty-five pounds, (e) occasionally understand, remember and carry

10. Plaintiff's first challenge to the ALJ's decision is that the ALJ failed to apply the treating physician rule and afford controlling weight to the assessments of her treating psychiatrist, Dr. Hong Rak Choe. A treating physician's opinion is given controlling weight where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527 (d)(2); Clark v. Comm'r of Social Sec., 143 F.3d 115, 118 (2d Cir. 1998). Here, Dr. Choe's treatment of Plaintiff began in July 2007 (R. 293-294, 303). In an employability assessment signed in January 2008, Dr. Choe indicated that Plaintiff was very limited in her ability to maintain attention and concentration, interact appropriately with others, maintain socially appropriate behavior without exhibiting behavioral extremes, and to function in a work setting at a consistent pace. (R. 302-303). Plaintiff was diagnosed with postraumatic stress disorder and panic disorder with agoraphobia. (R. 302).

As the ALJ notes, however, the medication monitoring notes signed by Dr. Choe (the only progress notes provided) indicate that Plaintiff's mood was consistently appropriate, if mildly anxious, and her thought process, orientation, and memory were good or intact. (R. 293-294, 345, 347, 349, 350, 353, 354, 375, 377 (notes range from July 24, 2007 to August 19, 2008). These notes similarly reflect stress related mild depression due to external factors such as financial difficulties or her sister's health problems. (R. 345, 347, 350, 354, 355, 377). Plaintiff even denied depression in February 2008 (R. 349). Dr. Choe's notes of Plaintiff's symptoms are more consistent with the mild to moderate non-exertional limitations found by the consultative psychologist and psychiatrist than the severe limitations he indicated on his own assessment form. (See R. 187-190, 202, 212,

---

out complex and detailed tasks, (f) occasionally interact with the public, (g) no limits to interaction with co-workers and/or supervisors as a part of the job and (h) avoid operating a motor vehicle." (R. 19-20).

214). The ALJ therefore did not err in concluding that Dr. Choe's conclusion that Plaintiff suffered severe non-exertional limitations was not well-supported by medically acceptable clinical and laboratory diagnostic techniques, and therefore was not entitled to controlling weight. 20 C.F.R. § 404.1527 (d)(2).

This Court also rejects Plaintiff's second argument that the ALJ failed to properly evaluate Plaintiff's credibility. At the hearing, Plaintiff offered no detail as to her specific symptoms, but only repeated general statements such as she had "mental issues," "a lot of fear," and she was "not ready to go to work." (R. 403-404, 406, 408). These are conclusions rather than descriptive symptoms. Further, as the ALJ noted, Plaintiff also testified that she attended class daily with at least three strangers. (R. 27, 405). The decision is sufficient to allow this Court to determine the basis for the ALJ's credibility determination, to the extent that one was necessary, Cf. Aponte v. Secretary, Dep't of Health and Human Servs. of U.S., 728 F.2d 588, 592-593 (2d Cir. 1984), and the record contains substantial evidence to support the determination that Plaintiff is not disabled within the meaning of the Social Security Act.

11. For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is granted and Plaintiff's Cross-Motion for Judgment on the Pleadings is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that Plaintiff's Cross-Motion for Judgment on the Pleadings (Docket No. 11) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to

close this case.

      SO ORDERED.


Dated:  March 30, 2012
         Buffalo, New York


                                                 /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                                 Chief Judge
                                          United States District Court